**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DANIEL RAY BROWN                                                                                                    PLAINTIFF
ADC #088140

v.                                                          5:16CV00374-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction; *et al.*                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.      BACKGROUND

Daniel R. Brown ("Plaintiff") is an inmate of the Tucker Unit of the Arkansas Department of Correction ("ADC") and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He alleges that prison intake staff violated his constitutional rights by transferring him from the Boone County Jail to the ADC following his sentencing at a parole revocation hearing.  (*Id*. at 4.)  After carefully reviewing Plaintiff's Complaint, I find he fails to state a claim upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780

2

F.2d 1334, 1337 (8th Cir. 1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.    ANALYSIS

Plaintiff states in his Complaint:

> On 10-17-2016 at a parole revocation hearing . . . my parole was revoked . . . At this time I was held in Boone County Jail. My sentence under Act 570 was to 'remain in custody 90 days contingent upon good behavior and suitable parole plan.' Less than 48hrs later on 10-19-2016 I was transferred to ADC without having committed any infraction in violation of the 'Courts Order' and therefore also in violation of my rights to protection under the United States Constitution against 'Unlawful Detainment.' ADC knew I had done no wrong from the beginning, abused the Fast Track, Act 570, and accepted me in error.

(Doc. No. 2 at 4.)

Plaintiff has also submitted the Order revoking his parole and has directed the Court's attention to the provision which states, "Offender is to remain in custody for ninety (90) days contingent upon good behavior and an approved parole plan. Failure to comply will result in transfer to the ADC for the recommended time period below." (*Id*. at 6.) It is understandable how Plaintiff feels wronged, given the somewhat conflicting language on the revocation order. But Plaintiff's claims simply do not rise to the level of a constitutional violation. It is well established that "a prisoner enjoys no constitutional right to remain in a particular institution." *Murphy v. Missouri Dep't of Correction*, 769 F.2d 502, 503 (8th Cir. 1985). Plaintiff does not challenge the lawfulness of his custody by state authorities. He challenges his placement in ADC. But the state prison

3

authorities "may transfer a prisoner 'for whatever reason or for no reason at all,'" *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) (quoting *Meachum v. Fano*, 427 U.S. 215, 228 (1976)).

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 21st day of December, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."